1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

J. Randall Jones
Nevada State Bar Number 1927
*r.jones@kempjones.com*
Spencer H. Gunnerson
Nevada State Bar Number 8810
*s.gunnerson@kempjones.com*
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, Nevada  89169
Telephone: (702) 385-6000

Timothy C. Meece
*tmeece@bannerwitcoff.com*
Michael J. Harris
*mharris@bannerwitcoff.com*
Audra C. Eidem Heinze
*aheinze@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
Ten South Wacker Drive, Suite 3000
Chicago, Illinois 60606-7407
Telephone: (312) 463-5000

*Attorneys for Plaintiff Bally Gaming, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BALLY GAMING, INC.

     Plaintiff,

          v.

ARISTOCRAT TECHNOLOGIES, INC.,
VIDEO GAMING TECHNOLOGIES, INC.,
AND ARISTOCRAT LEISURE LIMITED

     Defendants.

**Case No.:  2-16-cv-02359-JCM-CWH**

**STIPULATED PROTECTIVE ORDER**

       Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Bally Gaming, Inc. ("Bally Gaming") and Defendants Aristocrat Technologies, Inc., Video Gaming Technologies, Inc., and Aristocrat Leisure Limited (collectively, "Defendants") (Bally Gaming and Defendants collectively "The Parties" and individually each is a "Party"), by and through their respective counsel, hereby stipulate and agree that discovery in this Civil Action ("Action") may involve the disclosure of certain documents, things, and information that constitute or contain trade

secrets, financial records, or other confidential research, development, or commercial information within the meaning of Rule 26(c), which must be protected in order to preserve legitimate business interests. Accordingly, good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The Parties therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the Parties in this Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1.      This Protective Order shall apply to all documents, electronically stored information, tangible thing, testimony, or other discovery material in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, exhibits and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives or is shown Discovery Material.

## DESIGNATION

3.      A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Protective Order if the party in good faith believes that such Discovery Material contains CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information as defined in Paragraph 4. The burden of establishing that

Discovery Material is CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party.  The designation of any Discovery Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.    CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material includes the following:

a.    CONFIDENTIAL Discovery Material refers to confidential information that reflects proprietary business information or technical information relating to a trade secret or other confidential research, development, or commercial information.

b.    CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material refers to confidential information, the disclosure of which to the other party, non-parties, or the public could cause actual damage to the competitive position of the Producing Party, including, without limitation, information that may be subject to an existing obligation of confidentiality by the Producing Party or its affiliates, financial information (*e.g.*, detailed nonpublic financial information such as information relating to sales, sales volume, profits, account balances, and money transfers), commercial, proprietary, marketing or technical information, as well as competitive information that the Producing Party believes would provide significant technical or business advantage to the Receiving Party, including, without limitation, information that reflects unit selling prices to specific customers, customer lists (actual and/or potential), forecasts, or strategic business plans and marketing plans.

**FORM AND TIMING OF DESIGNATION**

5.    Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the

3

document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation. Documents shall be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents.

6.     Portions of depositions shall be deemed CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY if designated as such when the deposition is taken or within fourteen (14) calendar days after receipt of the transcript. Depositions shall be automatically treated as CONFIDENTIAL—ATTORNEYS' EYES ONLY until fourteen (14) calendar days after receipt of the transcript.

7.     Information from inspection of things and premises shall be deemed CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY if designated as such at the time of the inspection or within fourteen (14) calendar days after the inspection.   All information gleaned from inspection of things and premises shall be automatically treated as CONFIDENTIAL—ATTORNEYS' EYES ONLY for fourteen (14) calendar days after the day of inspection.

8.     To the extent that any party wishes to file or submit for filing as part of the Court record any materials subject to this Protective Order, or any pleading, motion or memorandum referring to them, the party wishing to do so shall cause to be filed a motion for leave to file such materials under seal pursuant to the Court's local rules and any other applicable rules governing sealed documents.   If a party is filing a document that it has itself designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, then that party shall reference this Protective Order in submitting the document it proposes to maintain under seal.   If a non-designating party is filing a document that another party has designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, then the non-designating party shall file the document under seal.   A non-designating party may make a written request to have the document

unsealed and if the designating party does not agree to the request, within ten (10) calendar days, the non-designating party may file an appropriate motion or application as provided by the Court's procedures that shows good cause to unseal the document.

## USE

9.      Discovery Material designated CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY under this Protective Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

10.      Discovery Material designated CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY shall be protected from disclosure as specified herein, unless a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected and may be disclosed.

11.      Non-parties may designate as CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY transcripts of depositions of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action, and any such Discovery Material shall be treated by parties to this Action in the same manner as materials and information so designated by a party.  Non-parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.  A non-party's use of this Protective Order to protect its own information does not entitle that third party access to CONFIDENTIAL or

CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material produced by any party in this case.

## DISCLOSURE

12.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)     outside attorneys of record for each party in this Action, including any attorneys employed by firms of record who are representing a party in this Action even if not otherwise identified specifically on pleadings, provided the attorneys are working on this litigation.  Support personnel for these outside attorneys (e.g., law clerks, analysts, paralegals, litigation assistants, secretaries and support staff) also are allowed access under this provision.  ;

(b)     subject to the disclosure requirements set forth in Paragraph 14 below, two (2) designated in-house counsel for each party who is assisting in the conduct of this Action,  and support personnel for the in-house counsel, such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff, provided the in-house counsel does not actively participate in the conception, design, development, and marketing of electronic gaming machines;

(c)     subject to the disclosure requirements set forth in Paragraph 14 below, up to two (2) designated employee representatives for each party to the extent reasonably necessary for the litigation of this Action;

(d)     subject to the disclosure requirements set forth in Paragraph 14 below, independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation;

(e)     the Court and its personnel, and all appropriate courts of appellate jurisdiction, including, but not limited to, stenographic reporters regularly employed by the Court

and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action;

(f)     service contractors such as document copy services, trial technology consultants, jury consultants, translators, and graphic artists;

(g)     employees of copy services, design services (including graphics services), microfilming or database services, trial support firms (including mock jurors) and/or translators who are engaged by the Parties during the litigation of this action;

(h)     the authors and the original recipients of the document; and

(i)     such other persons as hereafter may be designated by written agreement between the Parties in this Action or by the order of the Court.

13.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the persons listed in Paragraphs 12(a) – (b) and (d) – (i).

14.     Prior to disclosing a Producing Party's Discovery Material designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY to any person under Paragraphs 12(b) – (d) and 13, the Receiving Party shall provide written notice to the Producing Party that includes: (i) the name of the person, (ii) the present employer and title of the person, and (iii) a signed agreement to agree to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto.  For persons under Paragraph 12(d), the Receiving Party shall also provide an up-to-date curriculum vitae. Within seven (7) calendar days of receiving the information required to be provided under this paragraph, the Producing Party may object in writing to the disclosure.  In the absence of any objection at the end of the seven (7) day period, the individual shall be deemed approved under this Protective Order.  If an objection is made, the Parties shall meet and confer within four (4) calendar days after the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting

to the disclosure will have four (4) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.   If relief is sought, CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not be disclosed until the objection is resolved by the Court.  Counsel for the Receiving Party shall retain the signed agreement for a period of five years after the conclusion of the action, including all appeals.

15.    Prior to disclosing a Producing Party's designated Discovery Material to mock jurors under Paragraph 12(g), the Receiving Party shall require the mock jurors to sign a confidentiality agreement to agree to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto, and counsel for the Receiving Party shall retain the signed agreement for a period of five years after the conclusion of the action, including all appeals.

16.    In the event of an unauthorized disclosure of information designated under this Protective Order, the Producing Party may make a reasonable request for the signed agreements, and upon receipt of such request, counsel for the Receiving Party shall produce the signed agreements.

17.    In no event shall a Receiving Party, an independent consultant, or an expert witness use any Discovery Material designated as CONFIDENTIAL—ATTORNEYS' EYES ONLY for the purpose of preparing or prosecuting any patent application, or in connection with any other proceeding before the U.S. Patent and Trademark Office or any foreign or international patent office.  Individuals allowed access to Discovery Material designated as CONFIDENTIAL—ATTORNEYS' EYES ONLY (other than non-technical information potentially relevant to damages issues and/or settlement negotiations) shall not participate in the preparation, filing, or prosecution of any U.S. or foreign patent application that relates to electronic gaming machines for the duration of this Action and for a period of two years following termination of this Action by settlement or final judgment, including exhaustion of all

appeals. The Parties agree that this paragraph does not apply to *inter partes* review, post-grant opposition, or *ex parte* reexamination in the U.S. Patent and Trademark Office (or analogous proceedings in foreign jurisdictions), with the exception that individuals allowed access to Discovery Material designated as CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not draft or amend claims, or advise or instruct another on the content to be included in any such new or amended claims for any patent asserted in this litigation for the duration of this litigation and for a period of two years following termination of this action by settlement or final judgment.

18. Whenever information designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the Producing Party may exclude from the room any person, other than persons designated in Paragraphs 12 and 13, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

19. The recipient of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

**EXEMPTED MATERIALS**

20. None of the provisions of this Protective Order shall apply to the following categories of documents or information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)      known to the Receiving Party, or shown to have been independently developed by the Receiving Party, prior to its production hereunder without use or benefit of the information;

(d)      obtained outside of this Action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality; and/or

(e)      previously produced, disclosed or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

21.      While the Producing Party has the burden of proof of establishing that Discovery Material is CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY as set forth in Paragraph 4, the Receiving Party shall have the burden of proof to establish that any otherwise valid claims of confidentiality have been vitiated based on any of the grounds set forth in Paragraph 20.

### INADVERTENT PRODUCTION/DESIGNATION

22.      The inadvertent production of any document subject to attorney-client privilege or work product immunity will not waive attorney-client privilege or work product immunity in this Action or any other action or proceeding before any court, agency, or tribunal.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any alleged waiver of attorney-client privilege or work product immunity.  If a party has inadvertently produced a document subject to a claim of attorney-client privilege or work product immunity, upon written request, the document and all copies thereof shall be returned or destroyed promptly, and in no event later than seven (7) calendar days, after a written request is made by the Producing Party, as required by Rule 26(b)(5)(B).  Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced document subject to a claim of attorney-client

privilege or work product immunity shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es) and other such information as is reasonably necessary to identify the document and generally describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After return or destruction of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of attorney-client privilege or work product immunity by making a motion to the Court.

23.    The inadvertent failure to designate a document, testimony, or other material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY in this Action or any other action or proceeding before any court, agency, or tribunal.

24.    In the event of disclosure of Discovery Material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY to any person not authorized to access such Discovery Material under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the Producing Party of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

25.    Nothing in this Protective Order shall waive or limit any protections afforded the Parties under Federal Rules of Evidence 502.

**OBJECTION TO DESIGNATIONS**

26.     Any party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.  The process for making such an objection and for resolving the dispute shall be as follows:

(a)     The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.   This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

(b)     The objecting party shall thereafter have the burden of conferring within seven (7) calendar days, either in person or by telephone with the Producing Party claiming protection, as well as any other interested party, in a good faith effort to resolve the dispute.

(c)     Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY and entitled to such protection under this Protective Order.

27.     Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until either the party who designated the Discovery Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

28.     Any failure to object to any Discovery Material being designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not be construed as an admission by any non-producing party that the material constitutes or

contains a trade secret or other confidential information.

**RETURN/DESTRUCTION OF MATERIALS**

29.    Not later than sixty (60) calendar days after the termination of this Action, including all appeals, all CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts and videos of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material for archival purposes, and provided that such counsel shall not disclose any party's CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order.  Not later than seventy-five (75) calendar days after the termination of this Action, including all appeals, the party receiving any CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material shall certify in writing that all such material has been returned or destroyed.

**MISCELLANEOUS PROVISIONS**

30.    This Protective Order is without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Protective Order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

31.    The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except

as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

32.     If at any time CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material is subpoenaed by any court, or any arbitral, administrative or legislative body, the person to whom the subpoena is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material and shall provide each such party with an opportunity to object to the production of such materials before the party being subpoenaed discloses such materials.  If the Producing Party does not move for a protective order within seven (7) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the seven (7) calendar day notice period, such material in response thereto.  Any such production shall be made pursuant to confidentiality protections at least as strict as the protections in this Protective Order.

33.     All notices required by any Paragraphs of this Protective Order are to be made by e-mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by counsel for the Producing Party.

34.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material, counsel shall not disclose the contents of

CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material produced by any other party or non-party.

35.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any document, or any portion thereof, is protected by the attorney-client privilege or work product immunity or is otherwise not discoverable or admissible in evidence in this Action or any other proceeding.

36.     This Protective Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the Parties or by an order of the Court.   At the conclusion of the present Action, the Court shall retain jurisdiction to enforce the terms of this Protective Order.   Each person or entity who receives CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

IT IS SO STIPULATED this 23rd day of March, 2017.

For Plaintiff Bally Gaming, Inc.

For Defendants Aristocrat Technologies, Inc., Video Gaming Technologies, Inc. and Aristocrat Leisure Limited:

*/s/ Spencer H. Gunnerson*

J. RANDALL JONES (#1927)
SPENCER H. GUNNERSON (#8810)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, Nevada 89169
Tel: (702) 385-6000

TIMOTHY C. MEECE (*pro hac vice*)
MICHAEL J. HARRIS (*pro hac vice*)
AUDRA C. EIDEM HEINZE (*pro hac vice*)
BANNER & WITCOFF, LTD.
Ten South Wacker Drive, Suite 3000
Chicago, Illinois 60606-7407
Tel: (312) 463-5000

*/s/ Nicholas J. Santoro*

NICHOLAS J. SANTORO (#532)
SANTORO WHITMIRE, LTD.
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel: (702) 948-8771

ROBERT T. HASLAM  (*pro hac vice*)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: (650) 632-4700

GARY M. RUBMAN (*pro hac vice*)
PETER A. SWANSON  (*pro hac vice*)
DANIEL W. CHO (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE
or
UNITED STATES MAGISTRATE JUDGE

DATED: _March 24, 2017_____

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BALLY GAMING, INC.

     Plaintiff,

          v.

ARISTOCRAT TECHNOLOGIES, INC.,
VIDEO GAMING TECHNOLOGIES, INC., AND
ARISTOCRAT LEISURE LIMITED

     Defendants.

Case No.:  2-16-cv-02359-JCM-CWH

DECLARATION AND UNDERTAKING
TO BE BOUND BY STIPULATED
PROTECTIVE ORDER

I, _____, declare
that:

1.     My residence address is

_____.

2.     My current employer is _____
and the address of my current employment is
_____.

3.     My current occupation or job description is

_____.

4.     [Experts Only]  A copy of my *curriculum vitae* is attached hereto.

5.     I have received and read the Stipulated Protective Order in this Action dated
_____, and I understand its provisions.  I agree (a) to be bound by the

terms of the Stipulated Protective Order, (b) to use CONFIDENTIAL and CONFIDENTIAL—

ATTORNEYS' EYES ONLY Discovery Material solely for this action and (c) not to disclose

any CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material

to any person, firm, corporation or other entity not qualified to have access to such information

pursuant to the terms of the Stipulated Protective Order.

6.      Upon termination of this Action, including all appeals, I will destroy or return to retaining counsel all CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material and summaries, abstracts and indices thereof that come in my possession, and documents of things that I have prepared relating thereto.

7.      I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcement of the Stipulated Protective Order.  I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in civil action by one or more of the Parties in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____ 20__ at _____ in the State of _____.


_____
 (Signature)


_____
(Print Name)